**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                    Case No.  6:92-cr-35-Orl-19

**PAUL OHAEGBU**

_____

# ORDER

This case comes before the Court on the following:

1. Petition Pursuant to 28 U.S.C. § 1651 for Writ of Error *Audita Querela* by Petitioner Paul Ohaegbu (Doc. No. 1204, filed July 19, 2010); and

2. Judicial Notice to Support Writ of Error *Audita Querela* by Petitioner Paul Ohaegbu (Doc. No. 1205, filed July 19, 2010).

## Background

On July 17, 1992, Petitioner pled guilty to conspiracy with intent to distribute in excess of five kilograms of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846. (Doc. No. 415.) On November 23, 1992, the Court sentenced Petitioner to three hundred seventy-two months imprisonment. (Doc. No. 634.) On May 29, 2008, the Court reduced Petitioner's sentence to 262 months imprisonment pursuant to U.S. Sentencing Commission Amendments 706 and 711, 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(u), U.S.S.G. § 1B1.10, and Federal Rule of Criminal Procedure 43(b)(4). (Doc. No. 1181.) Petitioner now files a petition for writ of *audita querela*, arguing that he should be resentenced in light of the United States Supreme Court's holding in *Kimbrough v. United States*, 552 U.S. 85, 107-08 (2007), that sentencing courts are not required

to apply the 100:1 crack to powder cocaine ratio set forth in the sentencing guidelines. (Doc. No. 1204.)

## Standard of Review

The issuance of a writ pursuant to the All Writs Act, 28 U.S.C. § 1651, is a matter within a court's sound discretion. *Paramount Film Distrib. Corp. v. Civic Center Theatre, Inc.*, 333 F.2d 358, 360 (10th Cir. 1964); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (reviewing a district court's decision under the All Writs Act for abuse of discretion). However, if a court is able to effect a full and complete resolution of the issues before it without resorting to the extraordinary measures contemplated under the All Writs Act, then such measures cannot be employed. *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978).

## Analysis

"*Audita querela*," Latin for "the complaint having been heard," was an ancient writ used to attack the enforcement of a judgment after it was rendered. *Holt v. United States*, 417 F.3d 1172, 1174 (11th Cir. 2005) (citing Black's Law Dictionary 126 (7th ed. 1999)). The common law writ of *audita querela* was typically employed by a judgment debtor in a civil case against the execution of a judgment because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution. *Id.* The extent to which the writ of *audita querela* applies in federal criminal cases is unclear. *Id.*; *cf.* Fed. R. Civ. P. 60(e) (abolishing the writ of *audita querela* in civil cases); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) (doubting that the writ of *audita querela* is ever appropriate in federal criminal cases). In any case, before considering the merits of Petitioner's request for a writ of *audita querela*, it is appropriate to determine whether the Court has authority to issue the writ under the All Writs Act.

**I. Authority to Issue a Writ of *Audita Querela* under the All Writs Act**

The scope of a district court's authority to issue common law writs, including the writ of *audita querela*, under the All Writs Act is governed by *United States v. Morgan*, 346 U.S. 502 (1954), in which the Supreme Court held that a prisoner no longer "in custody" for 28 U.S.C. § 2255 purposes could seek relief by petition for writ of error *coram nobis* pursuant to the All Writs Act. *See Holt v. United States*, 417 F.3d 1172, 1174-75 (11th Cir. 2005) (discussing *Morgan*); *United States v. Ayala*, 894 F.2d 425, 427-28 (D.C. Cir. 1990) (same). "The teaching of *Morgan* is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." *Holt*, 417 F.3d at 1175 (quoting *Ayala*, 894 F.2d at 428). In other words, "common law writs, such as *coram nobis* and *audita querela*, survive only to the extent that they fill gaps in the system of federal post-conviction remedies." *Morales v. Fla. Dep't of Corr.*, 346 F. App'x 539, 540 (11th Cir. 2009). Thus, "a federal prisoner may not use the writ of *audita querela* where postconviction relief is available through § 2255 or *coram nobis* motions." *Holt*, 417 F.3d at 1175.

Neither postconviction relief under Section 2255 nor relief pursuant to a writ of *coram nobis* is available to Petitioner under the alleged facts. Because Petitioner has previously been denied relief under Section 2255, (Doc. No. 1062, filed Mar. 7, 2002), a successive habeas petition would only be allowed if Petitioner identifies: (1) newly discovered evidence that shows by clear and convincing evidence that no reasonable factfinder would have found Petitioner guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Petitioner does not present newly discovered evidence of his innocence. In addition, Petitioner's argument that he

should be resentenced in light of *Kimbrough* is not appropriately asserted in a successive Section 2255 petition because the holding in *Kimbrough* does not apply retroactively.[1]

A writ of *coram nobis* permits a defendant to collaterally attack his conviction after he is released from custody. *Holt*, 417 F.3d at 1174; *Ayala*, 894 F.2d at 429. Petitioner remains in custody, and thus a writ of *coram nobis* is inappropriate here. Because the relief sought by Petitioner cannot be provided under 28 U.S.C. § 2255 or a writ of *coram nobis* and because the Court has found no other Eleventh Circuit caselaw limiting the Court's authority to consider a petition for a writ of *audita querela*, the Court turns to the merits of the Petition.

## II.  Merits of Petitioner's Request for a Writ of *Audita Querela*

Petitioner argues that a writ of *audita querela* should be granted because "truly extraordinary circumstances and equities are present that distinguish [Petitioner] from other defendants sentenced prior to *Kimbrough*" and because resentencing under *Kimbrough* is "necessary to achieve fundamental justice." (Doc. No. 1204 at 9.)

The Court has found two different legal standards used by federal courts to address the merits of a petition for writ of *audita querela*. As of the date of this Order, no Eleventh Circuit case has discussed which of the two standards found by this Court, if either, should be used. Several Circuit Courts of Appeals have held that a writ of *audita querela* may only be issued where there is a legal defect in a conviction, as opposed to mere equitable grounds for relief. *See Doe v. INS*, 120 F.3d 200,

---

[1] The Court agrees with Petitioner that *Kimbrough* is not retroactive. (Doc. No. 1204 at 8.) The issue in *Kimbrough* was "whether the crack/powder disparity adopted in the United States Sentencing Guidelines has been rendered 'advisory' by our decision in [*United States v. Booker*, 543 U.S. 220 (2005)]." *Kimbrough*, 552 U.S. at 93. Because *Booker* was not made retroactive, *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005), it logically follows that *Kimbrough*, which merely explicated *Booker*, is also not retroactive. *Hodge v. United States*, 602 F.3d 935, 938 (8th Cir. 2010) (citation omitted).

204-05 (9th Cir. 1997); *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992); *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991); *Ayala*, 894 F.2d at 429. Petitioner does not meet this standard because Petitioner does not identify a legal defect in his sentence.

Petitioner's argument for the issuance of a writ of *audita querela* is directed to the legal standard set forth in *United States v. Davis*, No. 4:92-cr-4013-WS, 2009 WL 2495931 (N.D. Fla. Aug. 10, 2009):

> [A]ssuming *audita querela* is, like *coram nobis*, appropriate in some situations, such an "extraordinary remedy" is available "only under circumstances compelling such action to achieve justice," to right "errors of the most fundamental character."

*Id.* at *3 (quoting *Morgan*, 346 U.S. at 511 n.15). Further, "'[c]ircumstances compelling such action to achieve justice,' as required by *Morgan*, 'exist only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Davis*, 2009 WL 2495931, at *3 (quoting *Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir. 1989)).

Petitioner does not allege any facts compelling the issuance of a writ of *audita querela* to achieve justice. Petitioner does not identify a factual error in his sentence under the law prior to *Kimbrough* or a factual issue that was not raised at sentencing making his sentencing proceeding irregular or invalid. In addition, because the Supreme Court's ruling in *Kimbrough* is not retroactive, *supra* note 1, that case by itself does not justify the issuance of a writ of *audita querela*.

In summary, even if the All Writs Act authorizes the Court to issue writs of *audita querela*, the Court finds no legal basis for issuing a writ of *audita querela* to resentence Petitioner under *Kimbrough*. Therefore, Petitioner's request for a writ of *audita querela* is denied.

**Conclusion**

Based on the foregoing, the Petition for Writ of *Audita Querela* Pursuant to the All Writs Act, 28 U.S.C. § 1651, by Petitioner Paul Ohaegbu is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 27, 2010.

*/s/ Patricia C. Fawsett*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Paul Ohaegbu
Counsel of Record