**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                              Case No.  6:92-cr-35-Orl-19

**PAUL OHAEGBU**

_____

# ORDER

This case comes before the Court on the Motion for Reconsideration of the Petition for Writ of Error *Audita Querela* by Petitioner Paul Ohaegbu (Doc. No. 1210, filed Aug. 23, 2010).

## Background

On July 17, 1992, Petitioner pled guilty to conspiracy with intent to distribute in excess of five kilograms of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846. (Doc. No. 415.)  On November 23, 1992, the Court sentenced Petitioner to three hundred seventy-two months imprisonment.  (Doc. No. 634.)  On May 29, 2008, the Court reduced Petitioner's sentence to 262 months imprisonment pursuant to U.S. Sentencing Commission Amendments 706 and 711, 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(u), U.S.S.G. § 1B1.10, and Federal Rule of Criminal Procedure 43(b)(4).  (Doc. No. 1181.)

On July 19, 2010, Petitioner filed a Petition for Writ of *Audita Querela*, arguing that he should be resentenced in light of the United States Supreme Court's holding in *Kimbrough v. United States*, 552 U.S. 85, 107-08 (2007), that sentencing courts are not required to apply the 100:1 crack to powder cocaine ratio set forth in the sentencing guidelines.  (Doc. Nos. 1204-05.)  The Court denied that petition, finding no merit to Petitioner's arguments.  (Doc. No. 1209, filed July 28,

2010.) Petitioner now moves for reconsideration on the ground that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), retroactively applies and requires Petitioner's sentence to be reduced.

**Analysis**

In denying Petitioner's request for a Writ of *Audita Querela*, the Court relied on the legal standard set forth in *United States v. Davis*, No. 4:92-cr-4013-WS, 2009 WL 2495931 (N.D. Fla. Aug.10, 2009), which provides that a Writ of *Audita Querela* is an "extraordinary remedy" available "only under circumstances compelling such action to achieve justice," to right "errors of the most fundamental character." *Id.* at *3. The Court found that a Writ of Audita Querela should not issue for the following reasons:

> Petitioner does not allege any facts compelling the issuance of a writ of audita querela to achieve justice. Petitioner does not identify a factual error in his sentence under the law prior to *Kimbrough* or a factual issue that was not raised at sentencing making his sentencing proceeding irregular or invalid. In addition, because the Supreme Court's ruling in *Kimbrough* is not retroactive, . . . that case by itself does not justify the issuance of a writ of audita querela.

(Doc. No. 1209 at 5.) Petitioner maintains that this reasoning was erroneous in light of the Fair Sentencing Act of 2010.

The Fair Sentencing Act of 2010, signed by the President on August 3, 2010, amends several subsections of 21 U.S.C. § 841 to decrease the criminal penalties for particular crack cocaine offenses. 124 Stat. 2372. Contrary to Petitioner's argument, the Act is not retroactive to offenses occurring prior to its enactment.

Courts first look to the intent of Congress in determining whether a statutory amendment is retroactive. *See, e.g.*, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) ("When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine

whether Congress has expressly prescribed the statute's proper reach."). Where, as here, the amendment affects "substantive rights, liabilities, or duties" and there is no statement from Congress that the amendment affecting should apply retroactively, courts presume it applies only prospectively to future conduct. *Id.* at 278; *see also Greene v. United States*, 376 U.S. 149, 160 (1964) ("[T]he first rule of [statutory] construction is that legislation must be considered as addressed to the future, not to the past." (quotation marks omitted)). This result is confirmed by the well-settled rule that in the absence of contrary Congressional intent, an amendment changing the available punishment for a crime applies prospectively, not retroactively. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."); *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661 (1974) (collecting cases for the proposition that 1 U.S.C. § 109 "has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense").

Finding no authority or evidence in the text or legislative history of the Fair Sentencing Act of 2010 supporting Petitioner's argument that the Fair Sentencing Act of 2010 applies retroactively, the Court will deny Petitioner's Motion for Reconsideration.

**Conclusion**

Based on the foregoing, the Motion for Reconsideration of the Petition for Writ of Error *Audita Querela* by Petitioner Paul Ohaegbu (Doc. No. 1210) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 30, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Paul Ohaegbu
Counsel of Record